UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROBERT C. TREADWAY, JR.,

                                    Plaintiff,

                                                          **DECISION AND ORDER**
                                                          10-CV-42A

          v.

SHERIFF JAMES R. VOUTOUR,

                                    Defendant.

## I.    INTRODUCTION

*Pro se* plaintiff Robert C. Treadway, Jr. ("Plaintiff"), has filed this lawsuit

pursuant to 42 U.S.C. § 1983 alleging that while he was a prisoner at the Niagara

County Jail ("NCJ") he received inadequate dental care in violation of the Eighth

Amendment to the United States Constitution.

In his Second Amended Complaint (Docket No. 7), Plaintiff alleges that

Defendant failed to provide dental care to Plaintiff for approximately six months

between May and December of 2009.  As a result of the alleged lack of dental care,

Plaintiff required a root canal, which in turn caused him pain, loss of sleep, inability

to properly eat, and depression.

Currently before the Court are Plaintiff's three motions to compel discovery

(Docket No. 16, 17, 27), a motion entitled "Motion for an Order Directing U.S.

Marshal to Transport Plaintiff with All Legal Materials" (Docket No. 23), and a motion

to compel Defendant to Comply with the New York State Commission of Corrections

Minimum Standards ("NYSCOCMS") Part 7031[1] (Docket No. 32).

## II.   DISCUSSION

### A.   General Legal Principles

Courts have wide discretion to manage discovery. *In re Subpoena Issued to*

*Dennis Friedman*, 350 F.3d 65, 69 (2d Cir. 2003). Discovery under the Federal

Rules of Civil Procedure is broad in scope, requiring only that the information sought

be "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). *See also*

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *Daval Steel Prods.,*

*a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991)

(parties entitled to discovery of any matter that appears "reasonably calculated to

lead to the discovery of admissible evidence"); *Morse/Diesel, Inc. v. Fidelity and*

*Deposit Co. of Maryland*, 122 F.R.D. 447, 449 (S.D.N.Y. 1988) (term "reasonably

calculated" in Rule 26(b)(1) means "any possibility that the information sought may

be relevant" to a party's claim or defense) (internal quotations omitted).

Pursuant to Fed. R. Civ. P. 34, a party may serve on any other party a request

for production of documents. In the event that the party on whom the request is

served fails to comply, the party seeking the documents may move a court to compel

production of the documents.   Fed. R. Civ. P. 37.   Specifically, Rule 37(a)(1)

---

[1] *See* N.Y. Comp. Codes R. & Regs. tit. 9, § 7031.4 (regulations concerning access to legal reference material).

provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

> "Confer" means to meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining ... (a) what the requesting party is actually seeking, (b) what the discovering party is reasonably capable of producing that is responsive to the request, and (c) what specific genuine issues, if any, cannot be resolved without judicial intervention.

*Big Apple Pyrotechnics v. Sparktacular Inc.,* No. 05 Civ. 9994, 2006 WL 587331, at *1 (S.D.N.Y. Mar. 8, 2006). The movant must provide evidence of its good faith efforts; a mere conclusory statement where the movant asserts he has fulfilled this requirement is insufficient. *See Prescient Partners, L.P. v. Fieldcrest Cannon, Inc.*, No. 96 Civ. 7590, 1998 WL 67672, at *2 (S.D.N.Y. Feb. 18, 1998).

### B. Motions to Compel and Document Requests

On September 13, 2010, Plaintiff filed two "motions to subpoena" (Docket No. 16, 17), which this Court treated as motions to compel (Docket No. 19). On September 27, 2010, Plaintiff filed his first Request for Production and Inspection of Documents and Things (Docket No. 20). Defendant argues that the motions to compel must be denied because they were filed prior to serving any actual discovery demands, because Defendant did not refuse to respond to any discovery demands,

and because Plaintiff did not include a certification stating that he made a good faith attempt to confer with Defendant pursuant to 37(a)(1) of the Federal Rules of Civil Procedure  (Docket No.  21, ¶¶5-7).

At the time of Plaintiff's first two motions to compel, he had not yet made a discovery demand, and, as such, Defendant did not fail to respond.  Accordingly, Plaintiff's motions to compel (Docket No. 16, 17) are denied as premature.  *See Bermudez v. Duenas*, 936 F.2d 1064, 1068 (9th Cir. 1991) (motion to compel premature where there was no request for production pursuant to Rule 34).

Plaintiff's first Request for Production and Inspection of Documents and Things sought the following items: (1) "Any contract with a dental facility for the year 2008, 2009, and 2010"; (2) "Any and all inmates/detainees who received dental treatment for the year 2008, 2009, and 2010"; (3) "Any and all grievances filed at NCJ pertaining to the need or lack thereof dental treatment for the year 2008, 2009, and 2010"; (4) "Any and all civil actions/claims against NCJ (Voutour) for the lack of dental treatment for the year 2008, 2009, and 2010"; (5) "The amount and reciets [sic] for free supply of asprin at NCJ for the year 2008, 2009, and 2010"; and (6) "A written policy/statement authorized by Voutour (NCJ) as it pertains to dental care and the time in which inmates/detainees must have treatment after request/complaints have been filed." (Docket No.  20, ¶¶1-6).

Defendant responded to Plaintiff's request, producing certain information and raising several objections (Docket No. 26).  Plaintiff subsequently filed another

motion to compel on November 15, 2010 (Docket No. 27).   According to the Defendant's affirmation, Plaintiff did not confer with Defendant's counsel regarding the discovery responses and objections (Docket No. 30, ¶9) and his motion did not include a certification stating that he made a good faith attempt to confer with Defendant to obtain discovery without court action.  *See* Fed. R. Civ. P.37.

Notwithstanding Plaintiff's failure to attempt to confer with Defendant[2], the Court will deal with each of Plaintiff's requests in the interest of judicial economy.

## 1.   Contract for Dental Services

Defendant first objects to Plaintiff's request for a contract with a dental facility for 2008, 2009, 2010 as being overbroad (Docket No. 26, ¶ 1).   Defendant acknowledges, however, that the Inter-Community Memorial Hospital provided dental services to inmates at NCJ pursuant to the hospital's response to a 2007 request for proposal issued by the Niagara County Sheriff's Office.  *Id.*

Plaintiff's motion is granted with respect to those documents.  Defendant is hereby directed to provide Plaintiff with the request for proposal and the hospital's response no later than August 24, 2011.

---

[2] *See Fox v. Poole*, No. 06CV148,  2007 WL 837117, *3 (W.D.N.Y. Mar. 15, 2007) (observing that Fed. R. Civ. P. 37 does not exempt inmate plaintiffs from meeting the meet-and-confer requirement, despite that the ability to confer may be restricted by incarceration).

### 2.    Dental Records

Plaintiff's second request is for information concerning "all inmates/detainees who received dental treatment for the year 2008, 2009, and 2010." Defendant objects to this request on the grounds that Plaintiff seeks confidential information pertaining to individuals other than himself, which is protected by state and federal privacy laws (Docket No. 26, ¶ 2).

Plaintiff is not required to produce the dental records of NCJ inmates for the years 2008, 2009, and 2010 because the privacy of those records outweighs any potential relevance, which Plaintiff has also failed to establish. *See Diaz v. Goord*, No. 04-CV-6094, 2007 WL 2815735, at *3 (W.D.N.Y. Sept. 25, 2007) (denying plaintiff's request for inmates' medical records because privacy outweighed potential relevance); *Shabazz v. Pico*, No. 93 Civ. 1424 (SS), 1997 WL 13772 (S.D.N.Y. Jan. 14,1997) (denying discovery request of other inmates medical records because the request infringed upon privacy rights of other prisoners).  This request is therefore denied.

### 3.    Grievances

With regard to Plaintiff's third request for any and all grievances filed at NCJ pertaining to dental treatment for the years 2008, 2009, and 2010, Defendant objects on the grounds that the demand is unduly burdensome, beyond the scope of discovery, and concerns individuals other than Plaintiff subject to state and federal privacy laws (Docket No. 30, ¶3).   Defendant has also submitted an affidavit

explaining that while NCJ maintains a formal inmate grievance program in compliance with the New York State Minimum Standards for Management of County Jail, they do not index grievances by subject matter, but by the name of the complaining inmate (Docket No. 30-2, ¶¶8-9).

For that reason, a response to this request would require the review of all 927 grievances filed at NCJ in 2008, 2009, and 2010, and is therefore overbroad and unduly burdensome.  *See Diaz*, 2007 WL 2815735, at *1 (denying as overbroad and unduly burdensome a request for all grievances, complaints, and lawsuits without reference to subject matter or date of filing, given that the Department of Correctional Services ("DOCS") does not index grievances, complaints and lawsuits according to the name of the corrections officer named, but does so by the name of the complaining inmate); *Ashford v. Goord*, No. 07-CV-191, 2009 WL 2086838 (W.D.N.Y. July 10, 2009) (request seeking all grievances and complaints filed against defendants was overly broad); *Melendez v. Falls*, No. 06-CV-6198, 2010 WL 811337 (W.D.N.Y. Mar. 3, 2010) (same).  The burdensome nature of this request is underscored by the fact that none of the requested grievances would assist a finder of fact in determining whether Plaintiff himself suffered an injury between March and December, 2009.  *See generally* Fed. R. Evid. 401.  Accordingly, Plaintiff's motion to compel a response to his third document request is denied.

### 4.     Civil Actions Against Defendant

Plaintiff's fourth demand is for any and all civil actions and claims against Defendant and NCJ pertaining to dental treatment.  Defendant has objected to this request as unduly burdensome, overbroad, and beyond the scope of discovery (Docket No. 26, ¶4).  Furthermore, Defendant's supplemental affidavit indicates that the Administrative Captain for the Correction Division of the Niagara County Sheriff's Office, whose responsibilities include coordinating litigation efforts in civil actions commenced by inmates, was not aware of any civil actions or claims filed against the NCJ or Defendant alleging a lack of dental treatment during the years 2008 to 2010 (Docket No. 30-2, ¶¶14-15).  Accepting Defendants' representations, and because any such materials would be considered public documents and available to Plaintiff, this request is denied.

### 5.     Amount and Receipts for Aspirin Supply

With respect to Plaintiff's request for the amount and receipts for free supply of aspirin at NCJ for the years 2008, 2009, and 2010, Defendant objects to this demand as unduly burdensome, overbroad, and beyond the scope of discovery (Docket No. 26, ¶5).  Moreover, Defendant submits that when inmates complain of aches and pains, the medical department at NCJ provides Ibuprofen and/or Acetaminophen on an as-needed basis as determined by their staff physician or nurse practitioner (Docket No. 30-2, ¶11).  Furthermore, Defendant is unable to ascertain the amount of these medicines dispensed by the NCJ for the time period

of 2008 to 2010 because the medicines are ordered in bulk and not specifically tracked.  *Id.*, ¶12.  It would therefore require a lengthy analysis of each month's pharmacy bill and would be labor intensive and time-consuming to provide this information.  *Id.*

To the extent that Plaintiff alleges a deprivation of aspirin as part of his Eighth Amendment claim[3], in that NCJ either denied his requests for aspirin or ceased providing it to him, information relating to NCJ's dispensing of aspirin or other pain medications to Plaintiff will be contained in his own medical records, which is all that is necessary for discovery.  The amount of NCJ's aspirin supply and the receipts relating to the supply would not be relevant to any claim that Plaintiff was denied appropriate pain management, and, in any event, an examination of the receipts would be overly burdensome.  Plaintiff's request for receipts relating to the aspirin supply at NCJ is denied.

### 6.    Dental Care Policy

As to Plaintiff's sixth demand for NCJ's dental care policy, Defendant has provided the requested document (Docket No. 26, ¶6, Ex. A).  Plaintiff's request is therefore denied as moot.

---

[3] The Second Amended Complaint reads, "the jail even removed the free supply of aspirin, leaving the plaintiff the feeling of dispirity [sic] and emotional anguish[.]" (Docket No. 7, p. 1).

**B.     Motion for an Order Directing the U.S. Marshals to Transport Plaintiff with All Legal Materials**

Plaintiff has requested the Court to issue an Order to the U.S. Marshals Service to transfer his paperwork in the event of an institutional transfer (Docket No. 23).  The Court notes that Plaintiff's address was updated to the Buffalo Federal Detention Center on March 2, 2011.  He has not since alleged that he has been separated from his paperwork.

Insofar as Plaintiff has not alleged an actual separation of his paperwork, the instant motion is denied without prejudice as speculative.

**C.     Motion for an Order Directing Defendant to Comply with NYSCOCMS, Part 7031**

Plaintiff also seeks an Order directing Defendant to comply with the New York State Commission of Corrections' Minimum Standards related to inmate access to legal reference materials (Docket No. 32) .  Specifically, Plaintiff requests access to legal reference materials and use of a typewriter while confined at NCJ.  Insofar as Plaintiff seeks injunctive relief, his claim has been mooted by virtue of his transfer to the Buffalo Federal Detention Center.  *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."); *accord, e.g.*, *Geddes v. Lindsay*, No. 07-CV-5054, 2008 WL 2620129, at *3 (E.D.N.Y. July 1, 2008) (injunctive relief relating to conditions of imprisonment cannot be granted if the petitioner is no longer confined in the facility identified in the request for relief).

-10-

Accordingly, Plaintiff's motion is denied.

## IV.    CONCLUSION

For all of the foregoing reasons, the Court:

(1)    Denies Plaintiff's first two Motions to Compel (Docket No. 16, 17);

(2)    Denies Plaintiff's Motion Directing the U.S. Marshals to Transport Plaintiff with All Legal Materials (Docket No. 23);

(3)    Grants Plaintiff's third Motion to Compel (Docket No. 27) in part. Defendant is ordered to provide Plaintiff with the written agreement pertaining to dental services between NCJ and Inter-Community Memorial Hospital no later than August 24, 2011.  To the extent that this discovery extension affects the Scheduling Order issued by Magistrate Judge Foschio (Docket No. 25), the Court will defer as to the need, if any, for an Amended Scheduling Order.

(4)    Denies Plaintiff's Motion for an Order Directing the Defendant to Comply with NYSCOCMS Part 7031 (Docket No.  32).

This case is referred back to Magistrate Judge Foschio for further proceedings.

SO ORDERED.

_s/ Richard J. Arcara_
_____
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: July 26, 2011

-11-