UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROBERT C. TREADWAY, JR.,

                          Plaintiff,

v.

SHERIFF JAMES R. VOUTOUR,

                          Defendant.

**REPORT
and
RECOMMENDATION**

**10-CV-00042A(F)**

---

APPEARANCES:       ROBERT C. TREADWAY, *Pro Se*
                               29 Pearl Street
                               Lancaster, New York 14086

                               WEBSTER SZANYI, LLP
                               Attorneys for Defendant
                               MARK C. DAVIS, and
                               SUSAN B. PARZYMIESO, of Counsel
                               1400 Liberty Building
                               Buffalo, New York 14202

## **JURISDICTION**

This action was referred to the undersigned by Honorable Richard J. Arcara on September 14, 2010, for all pretrial matters including report and recommendation on dispositive motions. The matter is presently before the court on Defendant's motion for summary judgment (Doc. No. 42), filed January 13, 2012.

## **BACKGROUND and FACTS**

Plaintiff Robert C. Treadway, Jr. ("Plaintiff" or "Treadway"), commenced this civil rights action on January 20, 2010, alleging that in 2009, while being held at Niagara County Jail ("the Jail"), as a pre-trial detainee, requested dental treatment on May 21,

2009, but none was provided at that time. On July 16, 2010, Plaintiff filed an Amended Complaint (Doc. No. 7) ("Amended Complaint").

On November 27, 2009, Plaintiff filed an Inmate Grievance ("Grievance") complaining that his request for dental treatment had been ignored and asserting Plaintiff still needed dental treatment for an impacted and cracked wisdom tooth out of which a filling had fallen. On December 4, 2009, Plaintiff's Grievance was granted, and Plaintiff was advised a dental appointment had been scheduled for December 6, 2009. When Plaintiff was examined by the dentist on December 6, 2009, it was determined that the tooth for which Plaintiff had sought treatment, and another tooth, had to be extracted. Amended Complaint at 1. Plaintiff consented only to the extraction of one of the teeth,[1] and maintained the tooth for which he had sought treatment could have been saved with a root canal had the requested dental treatment been provided earlier. *Id.* Prior to obtaining the requested dental treatment, Plaintiff's tooth caused pain, which Plaintiff was not able to alleviate because the supply of free aspirin had been removed from the Jail. *Id.* Plaintiff attributes the delayed dental treatment to the failure to Defendant, Niagara County Sheriff James Voutour ("Defendant" or "Sheriff Voutour"), "to maintain a contract with any sort of dental treatment . . . ." *Id.* at 1-2. Plaintiff further alleges that the delay in providing dental treatment constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Id.* at 2.

On January 31, 2012, Defendant filed a motion for summary judgment (Doc. No. 42) ("Defendant's motion"), supported by the attached Defendant's Memorandum of

---

[1] The record is not clear as to which tooth's removal Plaintiff consented.

Law in Support of Motion for Summary Judgment (Doc. No. 42-1) ("Defendant's Memorandum"), Defendant's Local Rule 56 Statement of Undisputed Material Facts (Doc. No. 42-2) ("Defendant's Statement of Facts"), Defendant's exhibits A through R (Doc. No. 42-3) ("Defendant's Exh(s). __"), the Declaration of Christopher Aikin (Doc. No. 42-4) ("Aikin Declaration"), and an Important Notice to Pro Se Litigants (Doc. No. 42-5), advising Plaintiff that failure to respond in opposition to summary judgment could result in summary judgment being granted in Defendant's favor. In opposition to Defendant's motion, Plaintiff filed on February 16, 2012, Plaintiff's Response to Defendant's Local Rule 56 Statement (Doc. No. 44) ("Plaintiff's Response"), attached to which are Plaintiff's exhibits A through H ("Plaintiff's Exh(s). __"), a Statement of Material Facts Requiring Trial ("Plaintiff's Statement of Facts"), and Plaintiff's Memorandum of Law in Support of Jury Trial ("Plaintiff's Memorandum"). Filed on March 16, 2012, was a Reply in Support of Defendant's Motion for Summary Judgment (Doc. No. 45) ("Defendant's Reply"). Oral argument was deemed unnecessary.

Based on the following, Defendant's motion seeking summary judgment should be GRANTED.

## DISCUSSION

1. **Summary Judgment**

Summary judgment on a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 250-51 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010). The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment. *Celotex*, 477 U.S. at 322.

Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor and "may not simply rely on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995) (citing cases). Rather, Fed. R. Civ. P. 56(e) requires that

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

"[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir.1996). Furthermore, because Plaintiff is proceeding *pro se*, the court is required to liberally construe Plaintiff's papers submitted in opposition to summary judgment. *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2009).

Defendant is alleged to have violated Plaintiff's civil rights under 42 U.S.C.

4

§ 1983, pursuant to which an individual may seek damages against any person who, under color of state law, subjects such individual to the deprivation of any rights, privileges, or immunities protected by the Constitution or laws of the United States. Section 1983, however, "'is not itself a source of a substantive rights,' but merely provides 'a method for vindication of federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). Thus, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." *Id.* (citing *Graham v. Connor*, 490 U.S. 386, 394 (1989); and *Baker*, *supra*, at 140).

In the instant case, Plaintiff alleges Defendant violated his rights under the Eighth Amendment by failing to timely provide Plaintiff with dental treatment, causing Plaintiff to suffer pain, for which no analgesics were available, rendering Plaintiff unable to eat, allowing Plaintiff's dental problem to worsen such that his tooth had to be extracted, all resulting in mental distress to Plaintiff, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Amended Complaint at 2. Defendant, however, asserts that because Plaintiff, at the time of the alleged civil rights violation, was not incarcerated pursuant to a sentenced imposed on a criminal conviction but, rather, was a pre-trial detainee, Plaintiff's claim is brought as a due process violation, rather than under the Eighth Amendment. Defendant's Memorandum at 3.

Although a claim of deliberate indifference to a convicted person's medical needs is properly analyzed under the Eighth Amendment, *Caiozzo v. Koreman*, 581 F.3d 63, 69 (2d Cir. 2009) (citing *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996)), in

the case of a pre-trial detainee, "'the 'cruel and unusual punishment' proscription of the Eighth Amendment to the Constitution does not apply,' because 'as a pre-trial detainee [the plaintiff is] not being 'punished.'" *Id.* (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000)). Instead, prior to conviction, a pre-trial detainee "receives protection against mistreatment at the hands of prison officials under the Due Process Clause of the Fifth Amendment if held in federal custody, or the Due Process Clause of the Fourteenth Amendment if held in state custody." *Caiozzo*, 581 F.3d at 69 (comparing *Cuoco*, 222 F.3d at 106 (applying Fifth Amendment to federal detainee), *with Liscio v. Warren*, 901 F.2d 274, 275-76 (2d Cir. 1990) (applying Fourteenth Amendment to state detainee)). In the instant case, although it is undisputed that Plaintiff was, at all times relevant to this action, being held in Niagara County Jail as a federal pretrial detainee, neither party asserts whether Plaintiff was in state, or federal custody. That distinction is, however, purely academic because regardless of whether Plaintiff was in federal custody, such that his deliberate indifference claim would be analyzed under the Fifth Amendment, or state custody, requiring analysis of his deliberate indifference claim under the Fourteenth Amendment, the analysis is the same as under the Eighth Amendment. *See Caiozzo*, 581 F.3d at 70-71, 72 ("We see no reason to apply a standard for due process claims brought by state detainees under the Fourteenth Amendment that is different from the one that we employ for due process claims brought by federal detainees under the Fifth Amendment," which is the same standard under the Eighth Amendment).

Defendant argues that the action must be dismissed because Plaintiff cannot show he suffered from a serious medical condition, Defendant's Memorandum at 4-5,

that Sheriff Voutour was deliberately indifferent to such serious medical condition, *id.* at 5-7, and that Sheriff Voutour was not personally involved in the alleged denial of adequate medical care such that, insofar as he is sued in his official capacity as Niagara County Sheriff, Defendant is entitled to Eleventh Amendment sovereign immunity, *id.* at 7-8. In opposition to summary judgment, Plaintiff asserts two issues of fact preclude summary judgment, including whether Defendant (1) failed to provide free access to aspirin for Plaintiff's toothache, Plaintiff's Reply at 5, 18-20; and (2) failed to provide Plaintiff with requested dental treatment, *id.* at 2-3, 20-24, and also asserts Defendant's failure to timely provide dental care was in violation of federal statutes 18 U.S.C. §§ 4013 and 4048, *id.* at 29-32. In further support of summary judgment, Defendant argues Plaintiff has failed to establish any material fact precludes summary judgment, Defendant's Reply at 1-5, and, in any event, Plaintiff has failed to present any evidence showing Defendant was personally involved in the alleged violation of Plaintiff's civil rights, *Id.* at 5-6.

**2.** **Serious Medical Condition**

The Eighth Amendment prohibits "cruel and unusual punishments" during imprisonment. U.S. Const. 8th amend.; *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Romano v. Howarth*, 998 F.2d 101, 104 (2d cir. 1993). Deliberate indifference to an inmate's serious medical needs is within the ambit of the Eighth Amendment protection. *Trammell v. Keane*, 338 F.3d 155, 162 (2d Cir. 2003). "In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Chance*, 143 F.3d at 702

(quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (bracketed text in original)). In addition to death, a serious medical condition exists where "the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Chance*, 143 F.3d at 702. The standard for determining whether there has been an Eighth Amendment violation based on deliberate indifference to a prisoner's serious medical needs

> incorporates both objective and subjective elements. The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison officials acted with a sufficiently culpable state of mind.

*Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003) (citing *Estelle*, 429 U.S. at 104, and *Hathaway v. Coughlin*, 99 F.3d 550. 553 (2d Cir. 1996)).

Denying or delaying access to medical care or intentionally interfering with prescribed treatment may constitute deliberate indifference. *Estelle*, 429 U.S. at 104; *see Harrison v. Barkley*, 219 F.3d 132, 138 (2d Cir. 2000) (holding dentist's outright refusal for one year to treat a cavity, a degenerative condition tending to cause acute pain if left untreated, combined with imposition of an unreasonable condition on such treatment, could constitute deliberate indifference on the part of the prison dentist, precluding summary judgment in defendant's favor). Such delay in treatment violates the Eighth Amendment "whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards by intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104-05. Further, culpable intent requires the inmate establish both that a prison official "has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures

to abate the harm." *Hayes v. New York City Department of Corrections*, 84 F.3d 614, 620 (2d Cir. 1996) (citing *Farmer*, 511 U.S. at 834-35).

Nevertheless, neither "inadvertent failures to provide adequate medical care" nor "negligence in diagnosing or treating a medical condition" comprise Eighth Amendment violations. *Estelle*, 429 U.S. at 105-06 (holding medical malpractice does not become a constitutional violation merely because the victim is a prisoner); *Harrison*, 219 F.3d at 139 ("We agree that the mere malpractice of medicine does not amount to an Eighth Amendment violation."). A "mere disagreement" with a physician over the appropriate course of treatment does not amount to a constitutional violation, although in certain instances a physician may evince deliberate indifference by consciously choosing "an easier and less efficacious" treatment plan. *Chance*, 143 F.3d at 703. Regardless, "[s]o long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Id*.

As to the objective prong, a sufficiently serious condition is "a condition of urgency, one that may produce death, degeneration or extreme pain." *Hathaway*, 99 F.3d at 66. With regard to an alleged Eighth Amendment deliberate indifference claim based on a denial of dental treatment, the Second Circuit has held that although dental conditions "may be of varying severity," where the denial of dental treatment for a dental condition causes great pain for at least six months, the inability to properly chew, deterioration of additional teeth, resulting in the need to extract teeth, the condition is sufficiently serious as to be one of urgency. *Chance*, 143 F.3d at 702-03.

Similarly, in the instant case, sufficient evidence in the record establishes that Plaintiff, despite requesting to see a dentist on May 21, 2009, was not provided with

dental treatment until December 6, 2009, more than six months later. Although Defendant relies on the fact that Plaintiff did receive medical care in which his mouth or jaw were examined on at least three separate occasions after May 21, 2009, Defendant's Memorandum at 7, the exhibits Defendant submits in support of this argument fail to establish that any such examinations was done in connection with Plaintiff's request for dental services. For example, a Jail nurse examined Plaintiff on May 22, 2009, one day after Plaintiff submitted his request for dental services, but nothing on the "Medical History and Physical Form" the nurse completed in connection with such examination, Defendant's Exh. C ("Medical Form"), indicates that the examination was made pursuant to Plaintiff's request for dental services. That the nurse's examination may not have been made pursuant to the dental services request is supported by the fact that the Medical Form, although listing more than a dozen specific body parts, under each of which are listed several conditions to check, the Medical Form is completely devoid of any mention of "teeth" or "gums." As such, the Medical Form does not support Defendant's assertion that a physical examination of Plaintiff the day after the request for dental services was submitted establishes that Plaintiff was not in need of dental treatment on May 21, 2009, as alleged by Plaintiff.

Furthermore, the fact that the dentist who eventually examined Plaintiff on December 6, 2009, found two of his teeth in such poor condition that extraction was recommended is strong evidence that Plaintiff was in need of extensive dental treatment for some time and, as Plaintiff maintains, Amended Complaint at 1, earlier treatment may have avoided the need for extraction of the bad tooth about which Plaintiff had complained, through a root canal procedure. That Plaintiff only consented

to the extraction of one, rather than two, teeth, is irrelevant to the serious nature of Plaintiff's dental decay of the tooth which had initially caused Plaintiff pain.

Summary judgment should be DENIED insofar as Plaintiff claims that he was the victim of official deliberate indifference to his serious medical needs by failing to provide timely and adequate dental care.

### 3. Personal Involvement

Defendant maintains that insofar as he is sued in his official capacity as Niagara County Sheriff, he was not personally involved in the challenged conduct and, thus, is immune from liability under the Eleventh Amendment. Defendant's Memorandum at 8. Plaintiff has not responded in opposition to this argument.

Local government officials sued in their official capacities are "persons" for purposes of civil rights actions. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 690-91 (1978). To establish liability under § 1983, a plaintiff must show the defendant was personally involved in the alleged constitutional violation. *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003). A mere linkage in the chain of command, however, is insufficient to implicate a government official in a § 1983 claim. *Id.* To establish supervisor liability under § 1983, the plaintiff show at least one of the following:

> "(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring."

*Id.* (quoting *Hernandez v. Keane*, 341 F.3d 137, 145 (2d Cir. 2003)).

In the instant case, even a liberal construction of the Amended Complaint establishes that Plaintiff is alleging Defendant is liable only under the third option, *i.e.*, the creation or maintaining a policy or custom pursuant to which the alleged unconstitutional denial of Plaintiff's request for dental treatment occurred. In particular, Plaintiff claims that Defendant, as Niagara County Sheriff, failed to maintain a contract to provide dental care to those detained in the Jail. Amended Complaint at 2. Plaintiff, however, has failed to submit any evidence in support of this argument.

Contrary to Plaintiff's unsupported assertion, Defendant has submitted evidence, establishing that during 2009, at all times relevant to Plaintiff's claim, the Jail had a policy for requesting dental services ("the dental policy"), as well as a contract ("Contract") with Inter-Community Memorial Hospital ("ICMH") in Newfane, New York, to provide dental services to inmates and detainees being held at the Jail. *See* Defendant's Exh. A (policy by which Niagara County Sheriff's Office provides dental care to Jail inmates, and setting forth the procedure for an inmate to request dental services), and Defendant's Reply at 5 (referencing contract between ICMH and Niagara County Sheriff's Department (filed August 23, 2011 (Doc. No. 40-1) as Exhibit A to Defendant's Supplemental Response to Plaintiff's Request for Documents and Things (Doc. No. 40))). The Contract specifically provides ICMH to furnish to those held at the Jail dental screenings within 14 days of admission to the Jail, and dental treatment as required, including fillings, extractions, referrals to a dental specialist, and emergency care. Contract at 9, 45-46. Not only has Plaintiff not challenged the accuracy of these documents, but the record establishes Plaintiff's initial request for dental treatment was

made pursuant to the procedures set forth in the dental policy, Defendant's Exh. B (Plaintiff's May 21, 2009 request for dental treatment), and Plaintiff eventually received dental treatment pursuant to the Contract, having been examined by a dentist at the Jail and then referred to a dental specialist for tooth extraction. Defendant's Exhs. K & N.

With regard to Plaintiff's allegation that the supply of free aspirin was removed from the Jail, such that Plaintiff was without any medication to alleviate the pain from his infected tooth, Amended Complaint at 1, the record is devoid of any indication that Defendant was personally involved in the decision to discontinue the supply of free aspirin to Jail inmates.[2]

Accordingly, there is no evidence that Plaintiff's alleged delay in receiving dental services was the result of Defendant's maintaining or failure to maintain a proper policy for providing dental services to inmates at the Jail. Defendant is thus immune from liability on the alleged claims and entitled to summary judgment.

### 4. Alleged Statutory Violations

Furthermore, insofar as Plaintiff asserts Defendant violated 18 U.S.C. §§ 4013 and 4048, Amended Complaint at 2, Plaintiff's Response at 29-32, a plain reading of the statutes establishes they do not provide for any private cause of action. Rather, 18

---

[2] Defendant maintains that affidavits Plaintiff submitted from other inmates, including Joseph Maudlin ("Maudlin") and Reginald Hilton ("Hilton"), as well as from "John Doe" attesting to the discontinuance of the free aspirin supply at the Jail should be stricken because neither Maudlin nor Hilton were previously disclosed by Plaintiff as witnesses, and the John Doe statement is not based on personal knowledge and is inadmissible hearsay. Defendant's Reply at 8-9. Given the recommendation that summary judgment be granted on the alleged discontinuance of the free aspirin supply based on the absence of any evidence that Defendant was responsible for the policy, such request is DISMISSED as moot; alternatively, in the absence of a formal motion requesting such relief, such request is DENIED.

U.S.C. § 4013 merely provides that the Attorney General is authorized to provide for the support of prisoners detained on federal charges in non-federal institutions, including, as relevant, medical care and health care. 18 U.S.C. § 4013(a)(2) and (d).  Fees for health care services for prisoners, and the definition of a "health care visit" are set forth under 18 U.S.C. § 4048.  Significantly, even if either statute provided for a private cause of action, a claimed violation of neither statute is supported by even the most liberal reading of the Amended Complaint.  As such, neither 18 U.S.C. §§ 4013 nor 4048 precludes summary judgment in favor of Defendant.

## CONCLUSION

Based on the foregoing, Defendant's motion for summary judgment (Doc. No. 42), should be DENIED on the merits of the failure to treat claim, but GRANTED for lack of Defendant's personal involvement; the Clerk of the Court should be directed to close the file.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	September 27, 2012
	Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to Plaintiff and the attorneys for the Defendant.

SO ORDERED.

/s/ *Leslie G. Foschio*

———————————————
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: September 27, 2012
           Buffalo, New York